

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, )<br><br>Respondent, )<br><br>v. )<br><br>NAPOLEON HAYES, JR., )<br><br>Appellant. ) | No. 68907-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: September 23, 2013 |

BECKER, J. — Appellant Napoleon Hayes Jr., convicted of three counts of first degree robbery, contends that the sentencing court failed to resolve a dispute concerning his offender score when it calculated his offender score as 12. He asks that the case be returned for resentencing. Because the sentencing court did resolve the dispute, the trial court did not commit the error claimed by Hayes. We affirm.

## FACTS

Hayes pleaded guilty to three counts of robbery in the first degree. The plea agreement left him free to contest at sentencing the State's calculation of his offender score as 12.

Hayes filed a sentencing memorandum, asserting that his offender score was 6 because several convictions had "washed" under RCW 9.94A.525(2)(c),

the State was collaterally estopped from using certain prior convictions, and two of his current offenses involved the same criminal conduct under RCW 9.94A.525(5)(a)(i). The court rejected these arguments and sentenced Hayes, using an offender score of 12. The standard range for that offender score was 129 to 171 months. The court imposed concurrent terms of 144 months.

The sentencing hearing occurred on June 11, 2012. Toward the end of the sentencing hearing, Hayes raised an offender score issue in addition to those previously briefed. Hayes' criminal history included two 1992 juvenile convictions for forgery and possession of stolen property. He asked the court to treat these two convictions as the same criminal conduct. The parties agree on appeal that if the two convictions are treated as the same criminal conduct, Hayes' offender score would be 11 rather than 12. The court heard Hayes' objection concerning the two juvenile convictions, but did not explicitly acknowledge it, and instead proceeded to impose sentence using an offender score of 12.

Where a defendant disputes his offender score calculation at sentencing by arguing that prior offenses involved the same criminal conduct, it is error for the sentencing court not to hold an evidentiary hearing on the issue. State v. Bergstrom, 162 Wn.2d 87, 96-97, 169 P.3d 816 (2007). Citing Bergstrom, Hayes contends the court erred by failing to hold an evidentiary hearing. He also claims the court erred by failing to rule on his objection that the two offenses were the same criminal conduct. See RCW 9.94A.441 ("All disputed issues as to criminal history *shall be decided* at the sentencing hearing.") (emphasis added). The

2

remedy he requests is remand for reconsideration of his sentence in light of the reduced offender score.

In Bergstrom, defense counsel and the State were in agreement as to the defendant's criminal history and standard range. Bergstrom, 162 Wn.2d at 90. Consequently, the State presented no evidence bearing on the offender score. There were several continuances of sentencing for various reasons. At the last sentencing hearing, the defendant, acting pro se, objected that some of his prior offenses encompassed the same criminal conduct and asked that his offender score be reduced accordingly. The trial court refused to grant another continuance and advised Bergstrom to seek postconviction relief. Bergstrom, 162 Wn.2d at 91. On appeal, the Supreme Court reversed and remanded for an evidentiary hearing.

This case is not like Bergstrom. Hayes' offender score was in dispute and his objection concerning the juvenile convictions was raised in the course of an evidentiary hearing. The State presented ample evidence of Hayes' criminal history. The court had before it certified copies of the documents on which Hayes relies on for his argument that the two convictions constituted the same criminal conduct. The fact that the court did not expressly address the 1992 juvenile convictions when imposing sentence does not mean the court failed to resolve the issue Hayes raised at the hearing. The court's decision to maintain the offender score at 12, after reviewing the documents and hearing argument, shows that the court resolved the issue against Hayes.

The court may have erred in concluding that the offenses were not the same criminal conduct. The documents before the court showed that the two 1992 juvenile offenses—forgery and possession of stolen property—were charged in the same information as offenses occurring on the same date, in the same location, involving a credit card belonging to the same victim. But Hayes does not argue that it was reversible error for the court to treat the two offenses as separate crimes. His only assignment of error is that the court failed to resolve a dispute concerning his offender score. Because the court did not fail to resolve any dispute concerning his offender score, we conclude his assignment of error is not well taken.

The State contends that even if the court had failed to decide the issue, the error would be harmless. The parties agree that even if the case were remanded and the court decided that Hayes' offender score is 11 rather than 12, the standard range would remain the same. An error in determining a defendant's offender score is harmless where the standard range is not affected by the error. State v. Argo, 81 Wn. App. 552, 569, 915 P.2d 1103 (1996).

Hayes claims he is entitled to a new sentencing hearing notwithstanding Argo. He contends that if the sentencing court on remand decided that his offender score should be 11 rather than 12, there is a reasonable possibility that the court would vacate the original sentence of 144 months and instead grant his request for a sentence closer to 129 months at the low end of the standard range. Therefore, he argues, the error was not harmless.

Because we conclude the court decided the issue of same criminal conduct in an evidentiary hearing, the court did not commit the error claimed by Hayes. We need not reach the State's claim that any error was harmless.

## STATEMENT OF ADDITIONAL GROUNDS FOR REVIEW

Hayes lists five additional issues in a Statement of Additional Grounds presented under RAP 10.10. The first three are directed at the criminal history the State compiled for Hayes and submitted in connection with the evidentiary hearing on June 11, 2012. The State's compilation shows an extensive criminal history that includes, in addition to the three recent convictions for robbery, a robbery conviction in 2000, another robbery in 1996, more than two dozen adult misdemeanors, almost 20 juvenile felonies, and 7 juvenile misdemeanors. Most of this history was not used to determine Hayes' offender score, but the misdemeanor convictions allowed the State to prove that the older prior felonies did not wash out.

Hayes contends that some of the adult misdemeanors should actually have been classified as juvenile misdemeanors and that the two 1992 juvenile convictions discussed in his direct appeal should have been classified as same criminal conduct. He contends these two claimed errors make the criminal history completely unreliable. His second ground is that his three current convictions for robbery for which he was sentenced on June 11, 2012, should "merge" and be counted as 2, rather than 4, points toward his offender score. His third ground is that two juvenile assault convictions in 1993 that were not used in the calculation of his offender score should have been classified as the

same criminal conduct. Hayes' fourth and fifth grounds allege that the prosecutor committed misconduct in responding to the court's request for a copy of a prior judgment and sentence and in misrepresenting the facts and law concerning the calculation of the offender score.

Because we perceive no way that these arguments could lead to a reduction in his offender score, they do not merit further review.

Affirmed.

Becker, J.

WE CONCUR:

Leach, C.J.

Cox, J.