FILED
COURT OF APPEALS
DIVISION II

2015 JUN -4 AM 8: 38

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46433-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| ORLANDO C. ALEXANDER, | |
| Appellant. | |

MAXA, J. — Orlando Alexander appeals his conviction and sentence for unlawful delivery of a controlled substance. He argues that the trial court erred in imposing his sentence by using an offender score based on prior convictions when the State failed to prove the existence of those prior convictions by a preponderance of the evidence. The State concedes that it failed to prove Alexander's prior convictions at sentencing. We accept the State's concession.

Alexander also challenges his conviction in a statement of additional grounds (SAG), asserting that (1) he received ineffective assistance of counsel for several reasons, (2) he was denied his Sixth Amendment right to confrontation when his attorney was not allowed to interview a key witness or meaningfully cross-examine him, (3) the prosecutor failed to remove a witness based on issues of credibility and violated Brady[1] when it did not disclose an alleged change in the witness's testimony, (4) the State failed to present sufficient evidence to charge him with unlawful delivery of a controlled substance, and (5) the cumulative error doctrine entitles him to relief because the combined effect of the alleged errors denied him a fair trial. We reject Alexander's SAG arguments.

---

[1] Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963).

We affirm Alexander's conviction, but vacate his sentence and remand for resentencing.

FACTS

On April 3, 2013 a Tacoma Police informant made a controlled purchase of crack cocaine. To initiate the drug purchase, the informant contacted Michael Zollner. Zollner then contacted Alexander, and they agreed to meet in Alexander's car in front of a Tacoma convenience store. Zollner entered Alexander's car, and then exited the car and gave the informant an item later determined by the police to be cocaine.

The State charged both Alexander and Zollner with one count of unlawful delivery of a controlled substance. At trial, Zollner testified against Alexander stating how the transaction occurred. The jury found Alexander guilty.

Before sentencing, the State filed a document summarizing the defendant's criminal history and offender score. At the sentencing hearing, the State referenced documents in support of its offender score calculation, but there is no evidence that these documents were produced at sentencing. The trial court calculated Alexander's offender score at seven, and sentenced him to the standard range of 90 months in prison.

Alexander appeals.

ANALYSIS

A.    PROOF OF PRIOR CONVICTIONS

Alexander argues, and the State concedes, that his sentence should be vacated because the State did not prove the existence of his prior convictions by a preponderance of the evidence. We accept the State's concession because the State failed to provide evidence supporting its summary of Alexander's criminal history.

A trial court's sentence following a conviction depends on a defendant's offender score, which is calculated based on the defendant's current offenses and prior convictions. RCW 9.94A.525, .530(1). We review a sentencing court's calculation of an offender score de novo. *State v. Bergstrom*, 162 Wn.2d 87, 92, 169 P.3d 816 (2007).

In order to establish a defendant's criminal history for sentencing purposes, the State must prove a defendant's prior convictions by a preponderance of the evidence. RCW 9.94A.500(1); *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012). The best evidence of a prior conviction is a certified copy of the judgment, but the State also may produce other comparable documents or transcripts from prior hearings to prove prior convictions. *Id.* at 910. In addition, the State can meet its burden if the defendant affirmatively acknowledges the criminal history on the record. *State v. Mendoza*, 165 Wn.2d 913, 930, 205 P.3d 113 (2009), *disapproved of on other grounds by State v. Jones*, 182 Wn.2d 1, 338 P.3d 278 (2014).[2] However, the "mere failure to object to a prosecutor's assertions of criminal history does not constitute such an acknowledgement." *Id.* at 928.

Here, the State did not satisfy its burden of proving Alexander's prior convictions by a preponderance of the evidence. The State filed a sentencing memorandum and a proposed stipulation detailing Alexander's criminal history and offender score. However, Alexander did not sign the proposed stipulation. Moreover, the State failed to introduce any evidence substantiating its list of Alexander's reported prior felony and misdemeanor convictions or document the existence and dates of these misdemeanors.

---

[2] *Jones* disapproved of *Mendoza* to the extent that it could be read as reaffirming the "no second chance" rule, which precluded the State from presenting additional evidence of a defendant's criminal history on remand. *Jones*, 182 Wn.2d at 7 n.3.

Because the State did not provide evidence of Alexander's criminal history, it did not establish Alexander's prior convictions by a preponderance of the evidence. Therefore, we vacate Alexander's sentence and remand for resentencing. At resentencing, the State will be able to offer evidence proving Alexander's prior convictions. RCW 9.94A.530(2).

B. SAG ASSERTIONS

Alexander makes a number of claims in his SAG. We hold that these claims have no merit.

### 1. Ineffective Assistance of Counsel

Alexander asserts that he received ineffective assistance of counsel because his attorney (a) failed to collect evidence of reports and police statements, (b) failed to conduct a reasonable pretrial investigation, (c) made statements to Alexander prompting him to file a letter of grievance with the Department of Assigned Counsel, (d) failed to investigate the criminal history of Zollner, a witness for the State, (e) had a conflict of interest, (f) failed to impeach Zollner, and (g) failed to make timely motions at trial. We hold that these claims rely on facts outside the record or that have no merit.

### a. Legal Principles

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on an ineffective assistance of counsel claim, the defendant must show both that (1) defense counsel's representation was deficient, and (2) the deficient representation prejudiced the defendant. *State v. Grier*, 171 Wn.2d 17, 32-33, 246 P.3d 1260 (2011). Representation is deficient if, after considering all the circumstances, it falls below an objective standard of reasonableness. *Id.* at 33. Prejudice exists if there is a reasonable

probability that except for counsel's errors, the result of the proceeding would have been different. *Id.* at 34

We presume that counsel's representation was effective, and to demonstrate deficient performance the defendant must show that, based on the record, there are no legitimate strategic or tactical reasons for the challenged conduct. *State v. Emery*, 174 Wn.2d 741, 755, 278 P.3d 653 (2012). The law affords trial counsel wide latitude in the choice of tactics. *In re Pers. Restraint of Stenson*, 142 Wn.2d 710, 736, 16 P.3d 1 (2001). Legitimate trial strategy cannot serve as the basis for a claim of ineffective assistance of counsel. *State v. Lord*, 117 Wn.2d 829, 883, 822 P.2d 177 (1991).

        b.    Matters Relying on Facts Outside the Record

Alexander's first five claims regarding ineffective assistance of counsel all depend on matters outside the record. Alexander alleges that his attorney failed to collect evidence regarding police statements and reports. He asserts that his attorney failed to conduct a pretrial investigation, but does not identify of what. He claims his defense counsel made statements to Alexander prompting him to write a grievance letter to the Department of Assigned Counsel. Alexander claims his attorney failed to investigate Zollner's criminal history. And he argues that his defense counsel's "interests were on others rather than [Alexander]," and his attorney had a conflict of interest at a pretrial hearing that prohibited them from communicating. SAG at 2.

There is nothing in the record to support these claims. As a result, we cannot consider them in this direct appeal. *State v. Alvarado*, 164 Wn.2d 556, 569, 192 P.3d 345 (2008). They are more properly raised in a personal restraint petition. *Id.*

c.  Failure to Impeach

Alexander argues that he received ineffective assistance when his defense counsel failed to impeach Zollner, who testified against Alexander. However, the record demonstrates that counsel for Alexander cross-examined Zollner at trial and impeached his character with evidence of Zollner's 2010 conviction for "making a false statement to law enforcement." Report of Proceedings at 165. In addition, Alexander's attorney elicited testimony from Zollner that he lied to police and was cooperating with law enforcement by agreeing to testify. Therefore, we hold that this claim has no merit.

d.  Failure to Make Timely Motions

Alexander argues that his defense counsel was ineffective by failing to file timely motions. He does not argue that his attorney should have filed different motions, but seems to argue that his attorney's performance was lackluster when compared to his co-defendant's attorney.

The record demonstrates that Alexander's attorney filed two motions his behalf, one for a medical continuance and one for Alexander's release on an appeal bond at sentencing. Alexander argues that his counsel's actions constitute objectively deficient performance, but he does not explain or provide supporting evidence from the record. Therefore, he fails to establish deficient performance.

2.  Right to Confrontation

Alexander argues that he was denied his right to confront witnesses who testified against him when his attorney was not allowed to interview Zollner or conduct a "meaningful cross-examination" of Zollner. SAG at 3. We disagree.

Under the Sixth Amendment to the United States Constitution, criminal defendants have the right to confront or cross-examine those who offer testimony against them. *State v. Jasper*, 174 Wn.2d 96, 109, 271 P.3d 876 (2012). The right to confrontation means that the defendant must have the opportunity to confront those who bear testimony. *Id.* The primary and most important component of the confrontation clause is the right to conduct a meaningful cross-examination of adverse witnesses. *State v. Darden*, 145 Wn.2d 612, 620, 41 P.3d 1189 (2002). Confrontation's "purpose is to test the perception, memory, and credibility of witnesses," and it therefore helps assure the accuracy of the fact finding process. *Id.* We review an alleged confrontation clause violation de novo. *Jasper*, 174 Wn.2d at 108.

The record contradicts Alexander's claim that he was denied the right to confront Zollner. It shows that Alexander's defense counsel interviewed Zollner before he testified. Moreover, Alexander's attorney was able to cross-examine Zollner at trial, questioning him about his 2010 conviction for making a false statement to law enforcement. Zollner also testified during defense cross-examination that he lied to police and was cooperating with law enforcement by agreeing to testify. Based on these facts, Alexander fails to show that he was deprived of his right to confront or cross-examine Zollner.

3. Prosecutorial Misconduct

Alexander asserts that the prosecutor committed misconduct by failing to remove a witness based on issues of credibility and by failing to disclose an alleged change in Zollner's testimony. We disagree.

The State has a duty to disclose material evidence favorable to the defendant. *See Brady v. Maryland*, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). *Brady* states that the suppression of evidence favorable to an accused violates due process "where the evidence is

material either to guilt or to punishment, irrespective of the good faith or bad faith" of the State. *Id.*

The State has a duty to learn of any favorable evidence "known to the others acting on the government's behalf in the case, including the police." *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S. Ct. 1555, 131 L. Ed. 2d 490 (1995). But *Brady* does not obligate the State to communicate preliminary or speculative information. *United States v. Diaz*, 922 F.2d 998, 1006 (2d Cir. 1990). And there is no *Brady* violation if the defendant, using reasonable diligence, could have obtained the evidence. *State v. Thomas*, 150 Wn.2d 821, 851, 83 P.3d 970 (2004).

To establish a *Brady* violation, a defendant must demonstrate the existence of each of three necessary elements: (1) the State must have suppressed the evidence, either willfully or inadvertently; (2) the evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; and (3) prejudice must have ensued such that there is a reasonable probability that the result of the proceeding would have differed had the State disclosed the evidence to trial counsel. *State v. Mullen*, 171 Wn.2d 881, 895, 897, 259 P.3d 158 (2011).

Even assuming Alexander established the evidence was suppressed and that this evidence should have been disclosed because it could have impeached Zollner's testimony, Alexander has not shown that his case was prejudiced by the State failing to inform him of the change in Zollner's testimony. Alexander argues that Zollner's statements "completely change[d]" at trial and that his "testimony through states [sic] questions elicit[ed] co-defendant 'Z' to admit to '[l]ying before but not now.'" SAG at 5. Alexander does not argue that the State suppressed this evidence, willfully or inadvertently, stating only that trial testimony "was not the proper venue for the accused to discover the testimony change." SAG at 5. The record shows that

8

Alexander's defense attorney elicited testimony highlighting that Zollner had lied initially to the police and later told the truth. Therefore, Alexander's claim for prosecutorial misconduct fails.

### 5. Sufficiency of the Evidence

Alexander argues that the State failed to present sufficient evidence to convict him with unlawful delivery of a controlled substance. We disagree.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). All reasonable inferences from the evidence must be drawn in favor of the State and interpreted most strongly against the defendant. *Id.* The reviewing court defers to the trier of fact on issues of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence. *State v. Andy*, 182 Wn.2d 294, 303, 340 P.3d 840 (2014).

Taken in the light most favorable to the State, the evidence in this case supports Alexander's conviction for unlawful delivery of a controlled substance. The evidence shows that Zollner was contacted by the police informant in order to purchase drugs. At trial, Zollner testified that he had called Alexander to arrange the cocaine purchase, which he acquired from Alexander and delivered to the informant. Zollner testified that he gave permission to police officers to search and use his cellular phone; the officers dialed the most recent outgoing call connecting them to Alexander's phone. Officers involved in the operation also testified that they had observed Zollner's movements and confirmed that Zollner's last call was to Alexander's phone.

Based on the evidence presented, a rational trier of fact could have found Alexander guilty of unlawful delivery beyond a reasonable doubt. Therefore, we find that the State

presented sufficient evidence for a jury to reasonably convict Alexander of the unlawful delivery of a controlled substance.

6.    Cumulative Error

Alexander contends that the cumulative error doctrine entitles him to relief because the combined effect of the alleged errors denied him a fair trial. Under the cumulative error doctrine, the court may reverse a defendant's conviction when the combined effect of trial errors effectively denies the defendant his or her right to a fair trial, even if each error alone would be harmless. *State v. Weber*, 159 Wn.2d 252, 279, 149 P.3d 646 (2006). But because Alexander has failed to show any prejudicial errors affecting his conviction, we reject this assertion.

We affirm Alexander's conviction, but vacate his sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
WORSWICK, P.J.

_____
LEE, J.