# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 47147-7-II |
| Respondent, | |
| v. | |
| SHAWN N. SALTERS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — Shawn N. Salters was convicted of unlawful possession of a controlled substance and third degree theft. On appeal, he challenges the calculation of his offender score, the imposition of a community custody condition, the imposition of discretionary legal financial obligations, and argues that his attorney was deficient for failing to object to the calculation of his offender score. The State concedes all of the sentencing errors. We accept the State's concessions, vacate Salters' sentence, and remand for resentencing.[1]

## FACTS

On September 25, 2014, the Shelton Police Department arrested Salters on suspicion of shoplifting in Mason County. During the search incident to arrest, the police discovered methamphetamine in Salters' pants pocket. Salters was charged and convicted of unlawful

---

[1] Because we vacate Salters' sentence and remand for resentencing, we decline to consider Salters' claim that he received ineffective assistance of counsel at sentencing.

possession of a controlled substance[2] and third degree theft.[3] None of the facts are in dispute, and Salters does not challenge his convictions on appeal.

At sentencing, the court relied on the prosecution's oral recitation of Salters' criminal history in determining that Salters' offender score was 7. Salters did not object, despite no other evidence of his prior convictions being submitted. As part of Salters' conditions of community custody, the sentencing court required that, "The defendant shall not go into bars, taverns, lounges, or other places whose primary business is the sale of liquor." Clerk's Papers (CP) at 33. The sentencing court also imposed discretionary legal financial obligations (LFOs) without first conducting an individualized inquiry into Salter's ability to pay on the record.

On appeal, Salters argues: (1) the sentencing court erred in calculating his offender score and sentencing range; (2) the sentencing court erred in imposing a community custody condition prohibiting him from entering places whose primary business is the sale of alcohol; (3) the sentencing court erred in its imposition of discretionary LFOs; and (4) he received ineffective assistance of counsel when his attorney did not object to the sentencing court's calculation of his offender score. The State concedes that resentencing is necessary because (1) of errors in proving Salters' offender score, (2) there was no basis to impose the challenged community custody condition, and (3) the court did not consider Salters' ability to pay discretionary LFOs.

We accept the State's concessions and remand for resentencing.

---

[2] RCW 69.50.4013(1).

[3] RCW 9A.56.050.

ANALYSIS

A.    OFFENDER SCORE CALCULATION

Salters argues that the sentencing court erred in calculating his offender score and sentencing range.  The State concedes this challenge, and we agree.

Following a conviction, the sentencing court considers a defendant's offender score, which is calculated based on the defendant's current offenses and prior convictions.  RCW 9.94A.525, .530(1).  Challenges to offender score calculations may be raised for the first time on appeal.  *State v. Roche*, 75 Wn. App. 500, 513, 878 P.2d 497 (1994).  "We review a sentencing court's calculation of an offender score de novo."  *State v. Bergstrom*, 162 Wn.2d 87, 92, 169 P.3d 816 (2007).

In order to establish a defendant's criminal history for sentencing purposes, the State must prove a defendant's prior convictions by a preponderance of the evidence.  RCW 9.94A.500(1); *State v. Hunley*, 175 Wn.2d 901, 909-10, 287 P.3d 584 (2012).  The best evidence of a prior conviction is a certified copy of the judgment, but the State also may produce other comparable documents or transcripts from prior hearings to prove prior convictions.  *Hunley*, 175 Wn.2d at 910.  In addition, the State can meet its burden if the defendant affirmatively acknowledges the criminal history on the record.  *Id.* at 909.  However, the "mere failure to object to State assertions of criminal history at sentencing does not result in an acknowledgement."  *Id.* at 912.

Here, the State did not prove Salters' offender score by a preponderance of evidence.  The only evidence submitted was the prosecutor's unsupported oral recitation, and Salters did not

affirmatively acknowledge all of the convictions recited as his criminal history.  Therefore, we

hold that the State did not satisfy its burden to prove Salters' criminal history.  We vacate Salters'

sentence and remand for resentencing.

B.      COMMUNITY CUSTODY CONDITION

Salters argues the sentencing court erred in imposing a community custody condition

prohibiting him from entering places whose primary business is the sale of alcohol.  We agree.

Sentencing courts are allowed to order offenders to refrain from possessing or consuming

alcohol.  RCW 9.94A.703(3)(e).  Sentencing courts may also require the defendant to "[c]omply

with any crime-related prohibitions."  RCW 9.94A.703(3)(f).  A crime-related prohibition is "an

order of a court prohibiting conduct that directly relates to the circumstances of the crime for which

the offender has been convicted."  RCW 9.94A.030(10).  We review the sentencing court's

imposition of crime-related prohibitions for an abuse of discretion.  *State v. Warren*, 165 Wn.2d

17, 32, 195 P.3d 940 (2008), *cert. denied*, 556 U.S. 1192 (2009).

Here, the sentencing court went beyond its authority and ordered Salters to "not go into

bars, taverns, lounges, or other places whose primary business is the sale of liquor."  CP at 33.

However, nothing in the record indicates that alcohol contributed to Salters' crimes.  Therefore,

the sentencing court's community custody condition prohibiting Salters' entry into "places whose

primary business is the sale of liquor" is not a crime-related prohibition and was not properly

imposed.

C.      LEGAL FINANCIAL OBLIGATIONS

Salters argues for the first time on appeal that the sentencing court erred in imposing discretionary LFOs upon him without first considering his ability to pay.  Subject to certain exceptions, we have discretion to review issues not raised below.  RAP 2.5(a); *State v. Blazina*, 182 Wn.2d 827, 835, 344 P.3d 680 (2015) ("Each appellate court must make its own decision to accept discretionary review" under RAP 2.5(a)).  Because we remand for resentencing on other sentencing errors, we accept review of this issue and direct the sentencing court to consider Salters' ability to pay discretionary LFOs on remand.

"RCW 10.01.160(3) requires the record to reflect that the sentencing judge made an individualized inquiry into the defendant's current and future ability to pay before the court imposes LFOs." *Blazina*, 182 Wn.2d at 839.  Here, the sentencing court did not make an individualized inquiry into Salters' ability to pay discretionary LFOs.  Therefore, we remand with instructions to the sentencing court to undertake the required inquiry.

D.      INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, Salters argues he received ineffective assistance of counsel when his attorney failed to object to the calculation of his offender score.  The proper remedy for an ineffective assistance of counsel challenge here would be a vacation of his sentence and a remand for resentencing.  This is the same remedy we provide to Salters for the other errors that occurred at sentencing, as discussed above.  Therefore, we need not consider this issue.

No. 47147-7-II

We vacate Salters' sentence and remand for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, J.

_____
Johanson, C.J.