IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 52904-1-II |
| Respondent, | |
| v. | |
| ILLYA NAPOLEAN WATKINS, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Illya Napolean Watkins appeals his judgment and sentence for a felony violation of a no contact order, arguing that the sentencing court erred by including three out-of-state felony convictions in calculating his offender score. Watkins also argues that his attorney was ineffective at sentencing because he failed to object to the inclusion of the out-of-state felony convictions in Watkins' offender score. We hold that the sentencing court did not err by including Watkins' out-of-state felony convictions in calculating his offender score because he stipulated to their inclusion and waived any objection based on comparability on appeal. We also hold that Watkins did not receive ineffective assistance of counsel because he does not demonstrate deficient performance. We affirm.

FACTS

The State charged Watkins with residential burglary/domestic violence and felony violation of a no contact order/domestic violence. The State later amended the charges to first degree burglary/domestic violence (Count I), or in the alternative, residential burglary/domestic

violence; felony violation of a no contact order/domestic violence (Count II); and second degree assault (Count III), or in the alternative, fourth degree assault/domestic violence. Based on Watkins' prior criminal history, the State notified him that it intended to seek sentencing as a persistent offender, and that based on a conviction for the first degree burglary or second degree assault, it intended to request a sentence of life in prison without the possibility of release.

Watkins accepted a plea agreement and the State agreed to recommend a drug offender sentencing alternative if he pled to a single count of felony violation of a no contact order. The State agreed to dismiss Count I and Count III in addition to other charges in Thurston County under a different cause number.

In his plea statement, Watkins stipulated to the following:

The prosecuting attorney's statement of my criminal history is attached to this agreement. Unless I have attached a different statement, I agree that the prosecuting attorney's statement is correct and complete. If I have attached my own statement, I assert that it is correct and complete. If I am convicted of any additional crimes between now and the time I am sentenced, I am obligated to tell the sentencing judge about those convictions.

Clerk's Papers (CP) at 28.

The parties presented the sentencing court with this stipulation, signed by the prosecutor, Watkins' attorney, and Watkins himself, before Watkins made his plea. The stipulation included Watkins' criminal history and his offender score of seven based on an attached statement of criminal history. The statement of criminal history included three out-of-state felony convictions: a California felony conviction for first degree burglary, an Ohio felony conviction for receiving stolen property, and an Ohio felony conviction for aggravated robbery. A score sheet from the Sentencing Guidelines Manual was attached to the stipulation and they both detailed the

convictions that were counted in the offender score including the three out-of-state felony convictions. The State calculated Watkins' standard range as 51-60 months, based on an offender score of 7. This calculation includes three points for the out-of-state convictions.

Above Watkins' signature on the statement of criminal history was the following acknowledgment:

> The defendant and the defendant's attorney hereby stipulate that the above is a correct statement of the defendant's criminal history relevant to the determination of the defendant's offender score in the above-entitled cause.

CP at 73.

At the plea hearing, the court inquired of Watkins whether (1) his attorney read him the plea agreement, (2) he understood the agreement, and (3) his attorney answered his questions about the agreement to his satisfaction. Watkins responded, "Yes," to each question. Report of Proceedings (RP) at 6. Watkins further testified that he understood his offender score and what it meant in the context of the plea agreement.

During the State's sentencing recommendation, the prosecutor said,

> [A]s the [c]ourt can tell from the defendant's criminal history, had he been convicted in the 1733 case, he was facing a third strike that carried with it the possibility – or that carried with it, if convicted, [of] life imprisonment. This recommendation for a prison-based [drug offender sentencing alternative] is a joint recommendation by the parties.

RP at 10. Watkins' counsel did not disagree, stating, "[W]e appreciate the State's willingness to make this recommendation." RP at 19.

The sentencing court accepted Watkin's *Alford* plea[1] to the felony violation of a no contact order and dismissal of Counts I and III in exchange for a joint sentencing recommendation for a prison based drug offender sentencing alternative. The State indicated that Watkins had two prior strike offenses and wanted to avoid the possibility of a third strike if convicted of the first degree burglary or second degree assault charges. The State explained that its motivation for offering Watkins a drug offender sentencing alternative was twofold: (1) he could address his substance abuse issues, and (2) the victim's statement at sentencing could be respected.

The court adopted the "jointly recommended sentence" agreed to in the plea agreement. RP at 24. The court sentenced Watkins to a prison based drug offender sentencing alternative of half the mid-point of the standard range (as calculated)—55.5 months—divided into 27.75 months of incarceration and 27.75 months of community custody. Watkins appeals.

ANALYSIS

I. OFFENDER SCORE

Watkins argues that the sentencing court erred by including his out-of-state felony convictions in his offender score because neither the California burglary conviction nor the Ohio convictions for receiving stolen property or aggravated robbery are comparable to a Washington felony. Watkins argues that the boiler plate language in the plea agreement—that he agreed with the prosecutor's statement of criminal history—is merely an agreement that the convictions exist and is not an affirmative stipulation that the out-of-state convictions are comparable to Washington felony offenses. Watkins also argues that the sentencing recommendation was the State's, his

---

[1] *See North Carolina v. Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970); *State v. Newton,* 87 Wn.2d 363, 552 P.2d 682 (1976).

attorney did not join, and his attorney did not say anything about the offender score or criminal history at sentencing. Because Watkins stipulated to the inclusion of his out-of-state convictions in his offender score, we hold that the sentencing court did not err by including those convictions in his offender score.

We review the calculation of an offender score de novo. *State v. Bergstrom,* 162 Wn.2d 87, 92, 169 P.3d 816 (2007). RCW 9.94A.525 explains the process for how a defendant's offender score is calculated. Generally, each prior felony conviction that has not washed-out counts as one point. RCW 9.94A.525(1) and (2). Out-of-state convictions are classified according to their comparable Washington offense. RCW 9.94A.525(3). Our Supreme Court has held that

> [a]lthough the State generally bears the burden of proving the existence and comparability of a defendant's prior out-of-state and/or federal convictions, we have stated a defendant's *affirmative acknowledgement* that his prior out-of-state and/or federal convictions are properly included in his offender score satisfies [Sentencing Reform Act[2]] requirements.

*State v. Ross*, 152 Wn.2d 220, 230, 95 P.3d 1225 (2004) (citing *State v. Ford*, 137 Wn.2d 472, 483 n.5, 973 P.2d 452 (1999)). Mere failure to object to the State's summary of criminal history does not constitute an acknowledgement, even if the defendant agrees with the State's standard range calculation. *State v. Hunley,* 175 Wn.2d 901, 912, 287 P.3d 584 (2012). A criminal defendant cannot waive a challenge to a miscalculated offender score or a legal error, but he can waive factual error or errors involving the trial court's discretion. *In re Pers. Restraint of Goodwin,* 146 Wn.2d 861, 874, 50 P.3d 618 (2002).

---

[2] Sentencing Reform Act of 1981, ch. 9.94A RCW.

In this case, the parties presented the sentencing court with a stipulation, signed by the prosecutor, Watkins' attorney, and Watkins himself, before Watkins entered his plea. The stipulation included Watkins' criminal history and his offender score which included the out-of-state convictions. A score sheet from the Sentencing Guidelines Manual was attached to the stipulation and both detailed the prior and other current convictions that were counted in the offender score. The score sheet demonstrated that the offender score of seven was reached by adding together seven prior felony convictions. Watkins stated that his attorney read him the plea agreement, he understood the agreement, and that his attorney answered his questions about the agreement to his satisfaction. Watkins further stated that he understood his offender score and what it meant in the context of the plea agreement. Watkins affirmatively acknowledged the inclusion of his out-of-state convictions by entering a plea agreement to a negotiated resolution. The State was not required to prove Watkins' criminal history because he stipulated to it in the plea agreement. *Bergstrom,* 162 Wn.2d at 95.

Watkins analogizes his case to *State v. Richmond,* 3 Wn. App. 2d 423, 415 P.3d 1208, *review denied* 191 Wn.2d 1009 (2018). *Richmond* is factually distinct from Watkins' case. In *Richmond*, the State and defense counsel agreed at sentencing that an out-of-state felony conviction was to be included in the defendant's offender score. 3 Wn. App. 2d at 430. There was no guilty plea or *Alford* plea and the sentencing court did not conduct a comparability analysis. *Richmond,* 3 Wn. App. 2d at 430. Division Three of this court held that the defense's agreement with the State as to the inclusion of that out-of-state felony conviction did not constitute a comparability analysis or relieve the State of its burden to provide a comparability analysis. *Richmond,* 3 Wn. App. 2d at 437. In Watkins' case, because Watkins stipulated to the inclusion

6

of his out-of-state felony convictions in his offender score, the State was not required to prove comparability. *See Bergstrom,* 162 Wn.2d at 95. Thus, the two cases are factually distinct and Watkins' argument fails.

Because Watkins stipulated to the inclusion of his out-of-state convictions in his offender score, we hold that the sentencing court did not err by including those convictions in his offender score.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Watkins argues that his attorney below was ineffective because he failed to object to the inclusion of his out-of-state convictions in his offender score.[3] We disagree.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution guarantee the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011).

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on a claim of ineffective assistance of counsel,

---

[3] Watkins analogizes his case to *State v. Thiefault*, 160 Wn.2d 409, 158 P.3d 580 (2007). *Thiefault* is factually distinct from Watkins' case. In *Thiefault*, the superior court conducted a comparability analysis at sentencing and found that the defendant's federal and out-of-state convictions were comparable to their Washington counterparts. 160 Wn.2d at 413. The defendant's attorney did not object to the comparability analysis or to the superior court's finding that the convictions were comparable. *Thiefault,* 160 Wn.2d at 413. In Watkins' case, Watkins' attorney could not have objected to the comparability analysis because the State did not present a comparability analysis. The superior court did not conduct a comparability review because Watkins stipulated to the inclusion of his out-of-state felony convictions in his offender score. By stipulating to his offender score, the State was not required to prove his criminal history, including the comparability of his out-of-state convictions. *Bergstrom,* 162 Wn.2d at 95. Thus, the two cases are factually distinct and Watkins' argument fails.

the appellant must show both (1) that defense counsel's representation was deficient, and (2) that the deficient representation prejudiced the defendant. *Grier*, 171 Wn.2d at 32-33. Representation is deficient if, after considering all the circumstances, the performance falls "'below an objective standard of reasonableness.'" *Grier*, 171 Wn.2d at 33 (quoting *Strickland*, 446 U.S. at 688). Prejudice exists if there is a reasonable probability that, except for counsel's errors, the results of the proceedings would have differed. *Grier*, 171 Wn.2d at 34. If either prong is not satisfied, the appellant's claim fails. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004).

In the context of plea bargaining, "'effective assistance of counsel' merely requires that counsel 'actually and substantially [assist] his client in deciding whether to plead guilty.'" *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (alternation in original) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981)). "The decision whether or not to plead guilty is the defendant's alone." *In re Pers. Restraint of Burlingame*, 3 Wn. App. 2d 600, 610, 416 P.3d 1269 (2018).

In this case, Watkins acknowledged at sentencing that (1) his attorney read him the plea agreement, (2) he understood the agreement, and (3) his attorney answered his questions about the agreement to his satisfaction. Watkins now claims that his attorney performed deficiently because he failed to object to the inclusion of his out-of-state convictions in his offender score. However, had Watkins' attorney raised such an objection when negotiating with the prosecutor, the plea agreement could have fallen apart and Watkins could have been in a position to proceed to trial and, if convicted of the first degree burglary or the second degree assault charges, face imprisonment for the rest of his life. Watkins testified that he understood his offender score and what it meant in the context of the plea agreement. Watkins then decided to enter an *Alford* plea.

Nothing in the record suggests that Watkins' attorney was deficient in providing Watkins with counsel regarding the plea.

Because Watkins testified that his attorney had explained the plea agreement to him to his satisfaction and understanding, his argument that his attorney performed deficiently fails. Because Watkins fails to prove his attorney performed deficiently, we hold that Watkins did not receive ineffective assistance of counsel.

## CONCLUSION

We hold that the sentencing court did not err by including Watkins' out-of-state felony convictions in calculating his offender score because he stipulated to their inclusion and waived any objection based on comparability on appeal. We also hold that Watkins did not receive ineffective assistance of counsel because he does not demonstrate deficient performance. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, P.J.

We concur:

GLASGOW, J.

CRUSER, J.

9