**FILED**
**MAY 17, 2018**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of | ) | No. 35177-7-III |
| | ) | |
| ETHAN NOBLE BURLINGAME, | ) | PUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

SIDDOWAY, J. — Ethan Burlingame seeks relief from personal restraint in the form

of an indeterminate sentence of 78 months to life for his April 2016 conviction of second

degree rape. He contends his lawyer provided ineffective assistance of counsel when he

failed to advise him that (1) Mr. Burlingame had the right to plead guilty when arraigned

on the State's initial charge of third degree rape, (2) if he pleaded not guilty, he would

lose the right to plead guilty as charged without the approval of the prosecutor, (3) the

facts, including the facts as recounted to police by Mr. Burlingame himself, supported

conviction for second degree rape, and (4) the punishment for conviction of second

degree rape was dramatically more harsh than the punishment for third degree rape.

On the very unusual facts of this case—facts that are well-supported not only by

declarations of Mr. Burlingame and his trial lawyer, but also by the record of the police

investigation and arraignment—Mr. Burlingame shows actual and substantial prejudice

resulting from the violation of his constitutional right to the effective assistance of

counsel. We grant his petition, remand with directions that he have the opportunity to plead guilty to third degree rape, and if he does plead guilty to third degree rape, empower and direct the trial court to vacate his conviction for second degree rape. *See* RAP 16.11(b), 16.12.

FACTS AND PROCEDURAL BACKGROUND

On December 30, 2015, 18-year-old Ethan Burlingame called 911 to report that he needed to be arrested because several hours earlier he had "violated a girl." Pers. Restraint Pet. App. (PRP App.), Incident Report at 3. When interviewed by police, Mr. Burlingame told them he had been drinking with the victim and others at his brother's house and after everyone quit drinking, he went to sleep on the couch and the victim went to sleep on the floor. He described the victim as being "passed out due to being very intoxicated." PRP App., Deputy Suppl. Report at 2. As she slept, Mr. Burlingame said he touched the victim's breast, put his mouth on her bare breast, pulled her underpants down to her ankles, inserted his fingers into her vagina, penetrated her vagina with his tongue, and then attempted to insert his penis into her vagina. Mr. Burlingame told officers he might have inserted his penis into the victim's vagina about an inch, but he was not sure.

When initially contacted by police on the morning of the report, the victim stated she had not been raped by Mr. Burlingame. But the next day, she told Officer Stan Berkshire that Mr. Burlingame had raped her and she had been too embarrassed to say so

2

when interviewed the day before.  She said she woke up to find Mr. Burlingame on top of her with her pants around her ankles.  She provided a written statement to that effect and stated that she did not give consent and would not have consented even if she had been awake and coherent.

The State charged Mr. Burlingame with third degree rape on January 6, 2016. Defense counsel was appointed to represent him.  Mr. Burlingame was not arraigned until January 19, 2016, by which time defense counsel had received discovery and was aware of the State's evidence against his client.

Declarations of Mr. Burlingame, his father, and defense counsel consistently report that when Mr. Burlingame appeared for arraignment on the third degree rape charge, he wanted to plead guilty.  He had never recanted his original, unrecorded, volunteered confession and even agreed to record his confession after the charge was filed.  Defense counsel nonetheless advised Mr. Burlingame against pleading guilty as charged because the deputy prosecuting attorney had told him and Mr. Burlingame's family that he might amend the charge to assault in the fourth degree, a gross misdemeanor.

Mr. Burlingame's arraignment lasted only a few minutes, consisting of the following dialogue:

> [DEFENSE COUNSEL]:  . . . Mr. Burlingame is present and we ask the Court on his behalf to enter a plea of not guilty.  We would waive the reading of the information at this point in time.

> JUDGE: Mr. Burlingame, are you prepared to plead not guilty to this charge at this time?
> BURLINGAME: I am entering no plea.
> JUDGE: Pardon me?
> BURLINGAME: I'm not entering a plea.
> JUDGE: You're not entering a plea?
> [DEFENSE COUNSEL]: We have had a discussion about this, Your Honor, and Mr. Burlingame is uncomfortable in actually uttering not guilty.
> JUDGE: Okay.
> [DEFENSE COUNSEL]: And I've instructed him that the Court will constructively enter a plea of not guilty.
> JUDGE: Right, I will do that for you then.
> [DEFENSE COUNSEL]: Right.
> JUDGE: To preserve your rights so that you can continue to talk to your lawyer and continue to remain out of jail.
> To the charge of rape in the third degree, I'm [entering] a not guilty plea on your behalf at this time.

Resp. to Pers. Restraint Pet. App., Tr. of Initial Arraignment at 5-6.

The State later moved to amend the information and was permitted to amend to a charge of second degree rape in violation of RCW 9A.44.050(1)(b), which applies where a victim is physically incapacitated and incapable of consent at the time of the offense. Second degree rape is a class A felony and a sexual offense. RCW 9A.44.050(2); RCW 9.94A.030(47). It is punishable by an indeterminate sentence, meaning that the offender will be in prison for life unless released from custody with the approval of the indeterminate sentence review board. RCW 9.94A.507(3), (4); RCW 9.95.420. Should the offender be released, he or she is subject to supervision by the Department of Corrections for life. RCW 9.94A.507(5).

4

Defense counsel did not object to the State's motion to amend. Mr. Burlingame entered a plea of guilty to second degree rape at the time he was arraigned on the amended charge.

Based on an offender score of zero, the trial court sentenced Mr. Burlingame to an indeterminate sentence with a minimum of 78 months' confinement (the low end of the standard range) and a maximum of life imprisonment. Had Mr. Burlingame pleaded guilty to third degree rape as originally charged, his standard range with an offender score of zero would have been 6 to 12 months. *See* RCW 9.94A.517 (crimes included within each seriousness level); RCW 9.94A.510 (sentencing grid). The maximum sentence, had the court imposed an exceptional sentence, would have been 60 months' confinement. RCW 9A.20.020(1)(c).

Through retained counsel, Mr. Burlingame timely filed this, his first personal restraint petition, in April 2017 asserting that he received ineffective assistance of counsel.

In responding, the State expresses concern that we are being asked to impose a new duty on defense lawyers to advise clients to plead guilty at arraignment any time the State has a strong case. Resp. to Pers. Restraint Pet. at 3. It also argues that a lawyer who does not urge a client to plead guilty at arraignment is not ineffective, since the lawyer will not yet have had the opportunity to investigate available evidence, assess

possible defense motions, or determine whether the client's immigration status will

trigger collateral consequences. *Id.* at 5-6.

As Mr. Burlingame emphasizes, however, he is not contending his defense counsel

should have advised him to plead guilty. His expert witness, criminal defense attorney

Todd Maybrown, testifies instead that Mr. Burlingame's defense counsel's representation

was deficient in the following respects:

> a. [T]rial counsel failed to advise Mr. Burlingame that he had the right to plead guilty at arraignment;
>
> b. [T]rial counsel failed to advise Mr. Burlingame that he would lose the right to plead guilty as charged without the approval of the Prosecuting Attorney if Burlingame entered a plea of not guilty at arraignment;
>
> c. [E]ven if trial counsel was hopeful that the case might later be negotiated to a lesser charge, counsel had an absolute duty to explain to Mr. Burlingame that the facts, including the facts as admitted by Mr. Burlingame himself, supported conviction of a more serious crime . . . than the offense charged in the initial Information . . . ;
>
> d. [T]rial counsel failed to advise Mr. Burlingame regarding the dramatic increase in the punishment for conviction of the more serious crime of Rape in the Second Degree; [and]
>
> e. [T]rial counsel did not explain that it was Mr. Burlingame's choice—not counsel's choice—regarding the decision to plead guilty or not guilty.

PRP App., Decl. of Todd Maybrown at 4.

In a declaration filed in support of his personal restraint petition (PRP), Mr.

Burlingame states that had he been advised of the risks associated with not pleading

guilty at arraignment, "I would have decided to plea [sic] guilty, as I had originally

6

intended to do, in spite of counsel's advice." Reply in Support of PRP App., Suppl. Decl. of Ethan N. Burlingame at 1. Declarations of defense counsel and Mr. Burlingame's father endorse the view that Mr. Burlingame would have pleaded guilty, based on their knowledge of the circumstances at the time of the original arraignment.

## ANALYSIS

To obtain relief in a PRP, a petitioner must show actual and substantial prejudice resulting from alleged constitutional errors, or for alleged nonconstitutional errors a fundamental defect that inherently results in a complete miscarriage of justice. *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). To avoid dismissal, the petition must be supported by facts and not merely bald or conclusory allegations. *Id.* at 813-14; *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). A "petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief." *Id.*

Effective assistance of counsel is guaranteed by both the federal and state constitutions. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Mierz*, 127 Wn.2d 460, 471, 901 P.2d 286 (1995). To demonstrate ineffective assistance of counsel, a defendant must show two things: "(1) defense counsel's representation was deficient, *i.e.*, it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation

7

prejudiced the defendant, *i.e.*, there is a reasonable probability that, except for counsel's unprofessional errors, the result of the proceeding would have been different." *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (citing *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987)). We review a claim of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

### *Mr. Burlingame demonstrates deficient performance*

Our review of a claim of ineffective assistance of counsel begins with a strong presumption that counsel's representation was effective. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004). A "[p]etitioner can 'rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.'" *Id.* (quoting *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986)). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman*, 477 U.S. at 384.

In Washington, a criminal defendant does not have a constitutional right to plead guilty. *State v. Martin*, 94 Wn.2d 1, 4, 614 P.2d 164 (1980). Such a right has been created by CrR 4.2(a), however, which identifies pleas that may be accepted at arraignment. *Id.* "A defendant's right to plead guilty is lost once the defendant enters a not guilty plea that complies with CrR 4.2." *State v. Hubbard*, 106 Wn. App. 149, 153,

22 P.3d 296 (2001); *see also State v. James*, 108 Wn.2d 483, 488-89, 739 P.2d 699 (1987).

At oral argument of the petition, the State submitted that it would be an onerous and time-consuming burden to expect a defense lawyer to advise a client before arraignment of, for example, his speedy trial rights, "or the numerous other rights enumerated in the constitution and the court rules," adding, "If the requirement is to advise the defendant of each and absolutely [every] constitutional, statutory and court rule . . . preparation for an arraignment would take hours." Washington Court of Appeals oral argument, *In re Pers. Restraint of Burlingame*, No. 35177-7-III, (May 3, 2018) at 14 min., 28 sec. to 14 min., 52 sec. (on file with the court). At issue here, however, was a one-time right that Mr. Burlingame was on the verge of either exercising or losing. The risk of the State amending and charging a more serious crime was apparent, given that Mr. Burlingame had confessed off the record and later on the record to the essential elements of second degree rape. The consequences of amendment to the higher degree crime were dramatic: from a determinate sentence with a five-year maximum to a sentence that was indeterminate, up to life; from a standard range with a maximum of 12 months to a standard range with a minimum of 78 months; and from one year of community custody if sentenced within the standard range to lifetime community custody following any release from confinement. RCW 9.94A.507, .510, .517.

9

Washington's Rules of Professional Conduct provide that a "lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." RPC 1.4(b). In the case of criminal defense counsel, this includes actually and substantially assisting a client in deciding whether to plead guilty. *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984). Competent defendants have "'the absolute right to plead guilty,' as long as the plea is knowing, intelligent, and voluntary." *State v. Cross*, 156 Wn.2d 580, 611, 132 P.3d 80 (2006) (quoting *State v. Jones*, 99 Wn.2d 735, 743, 664 P.2d 1216 (1983)). The decision whether or not to plead guilty is the defendant's alone. *Id.* at 612.

Given the evident risk of an amendment to a higher charge, the strength of the State's evidence for the higher charge, its harsh consequences, and Mr. Burlingame's demonstrated interest in pleading guilty at arraignment, we conclude that competent counsel would have advised Mr. Burlingame of his one-time right to plead guilty as charged without the agreement of the prosecutor—even if the lawyer's recommendation was that Mr. Burlingame *not* plead guilty.[1]

---

[1] While not necessary to our conclusion, Mr. Maybrown also testified by declaration that in his experience and that of other criminal defense lawyers in his office, it would be highly unusual and unlikely for a prosecutor to reduce the charge for the rape of a victim described as passed out from intoxication to a misdemeanor level offense. He questions whether a competent criminal defense lawyer would place much reliance on an "offhand comment[ ] of a deputy prosecut[or]" suggesting the possibility of such an offer. PRP App., Decl. of Maybrown at 14.

10

*Mr. Burlingame demonstrates actual and substantial prejudice*

To establish prejudice under *Strickland*, a petitioner must "'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler v. Cooper*, 566 U.S. 156, 163, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012) (quoting *Strickland*, 466 U.S. at 694). In this connection, we are not required to accept at face value Mr. Burlingame's post hoc assertion about what he would have done if informed about the risk of an amended charge and his one-time opportunity to plead guilty to the original charge without the State's agreement. *State v. Buckman*, 190 Wn.2d 51, 70 & n.15, 409 P.3d 193 (2018) (citing *Lee v. United States*, ___ U.S. ___, 137 S. Ct. 1958, 1967, 198 L. Ed. 2d 476 (2017)). Adopting the United States Supreme Court's reasoning in *Lee*, our Supreme Court explained in *Buckman* that a defendant's self-serving assertion about how he would have pleaded is not alone sufficient proof of prejudice. The defendant must show that the plea decision he now claims he would have made was a rational plea decision. But *Buckman* also makes clear that a defendant's credible evidence of his subjective thinking is "certainly material." *Id.* at 67. In evaluating prejudice, it said, we "look[ ] at the contemporaneous evidence that the defendant presents to 'substantiate [his] expressed preferences.'" *Id.* at 70 n.15 (second alteration in original) (quoting *Lee*, 137 S. Ct. at 1967).[2]

---

[2] *Buckman* involved a collateral attack that was not based on ineffective assistance of counsel, and the court held that when collateral relief is sought on a different basis, a

It is hard to imagine what better corroboration a defendant could provide for a post hoc claim that he would have pleaded guilty at arraignment than is provided here. Mr. Burlingame volunteered his guilt before the victim was willing to accuse him. He presents both declarations of witnesses and public records that support his claim that he was not reluctant to plead guilty; he was reluctant to plead *not guilty*—so reluctant that he could not bring himself to say the words. After the charge was amended to second degree rape, Mr. Burlingame pleaded guilty to the even more serious crime when arraigned.

He also demonstrates a reasonable probability that a rational person in his situation would have pleaded guilty at arraignment to the charge of third degree rape. The risk and consequences of facing amendment to a more serious charge were substantial.

Where a petitioner alleges and successfully demonstrates ineffective assistance of counsel, the actual and substantial prejudice required for relief on collateral review has been shown. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012).

---

defendant is required to prove actual and substantial prejudice by showing that the outcome of plea proceedings would "more likely than not" have been different. 190 Wn.2d at 60. It did not disturb the "reasonable probability" standard applied when the constitutional deprivation claimed is ineffective assistance of counsel. *Id.* at 62.

"The remedy for a lawyer's ineffective assistance is to put the defendant in the position in which he or she would have been had counsel been effective." *State v. Hamilton*, 179 Wn. App. 870, 879, 320 P.3d 142 (2014). In Mr. Burlingame's case, that means giving him the opportunity to plead guilty to third degree rape.

We grant his petition, remand with directions that he have the opportunity to plead guilty to the original charge, and if he does plead guilty to third degree rape, empower and direct the trial court to vacate his conviction for second degree rape.

Siddoway, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Fearing, J.

13