# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>             Respondent,<br><br>   v.<br><br>SOPHEA SAR,<br><br>             Appellant. | No. 50928-8-II<br><br><br><br>UNPUBLISHED OPINION |

MELNICK, J. — Sophea Sar appeals from his conviction on plea of guilty to robbery in the first degree, burglary in the first degree, and unlawful imprisonment. His appellate attorney initially filed a motion to withdraw pursuant to *Anders v. California*,[1] but then filed a supplemental brief challenging the imposition of legal financial obligations (LFOs) on her indigent client because of legislative changes.[2] In a statement of additional grounds (SAG), Sar claims his conviction violated the corpus delicti rule and he received ineffective assistance of counsel.

We deny Sar's attorney's motion to withdraw because the appeal is not wholly frivolous. We affirm Sar's convictions and remand to the trial court for it to strike several LFO provisions of Sar's sentence.

---

[1] 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

[2] *See* ENGROSSED SECOND SUBSTITUTED House Bill 1783, 65th Leg., Reg. Sess. (Wash. 2018).

FACTS

In November 2015, Sar and another person broke into the home of 67-year-old J. Chap with the intent of robbing him. They found Chap in his bedroom, forced him to the ground, and demanded his property. One of them held Chap against his will with a gun while the other searched the home for property to steal. Sar and the other man left the home with a large amount of Chap's property. The police subsequently arrested them.

The State charged Sar with robbery in the first degree with a firearm enhancement, burglary in the first degree, and unlawful imprisonment. Sar's attorney advised him to take a plea deal because he thought Sar would likely lose at trial and spend much of his life in custody on this case and two other unrelated charged crimes. The attorney told Sar it was part of his job to give advice, but it was ultimately Sar's decision whether to go to trial.

Sar plead guilty. He told the court he understood the rights he was giving up and he had not been forced or coerced into pleading guilty. The court found that Sar's plea was knowing, intelligent, and voluntary.

As part of Sar's sentence, the court ordered that he pay $17,290 in restitution, a $500 crime victim assessment, a $100 DNA database fee, and a $200 criminal filing fee, for a total of $18,090. It also ordered that all financial obligations would bear interest from the date of judgment until paid in full.

Sar appealed his conviction. The trial court found Sar indigent and entitled to an appointed attorney on appeal. His appellate lawyer filed a motion to withdraw pursuant to *Anders*. While this appeal was pending, the legislature enacted laws categorically prohibiting the imposition of discretionary costs on indigent defendants. RCW 10.01.160; LAWS OF 2018, ch. 269. Also while this appeal was pending, the Supreme Court decided, *State v. Ramirez*, 191 Wn.2d 732, 747, 426

P.3d 714 (2018), holding that the amendments applied to cases pending when they went into effect on June 7, 2018. Sar's attorney then filed a supplemental brief challenging the imposition of discretionary LFOs.

## ANALYSIS

I.      SENTENCE

Sar contends this case must be remanded for the trial court to strike imposition of a $100 DNA collection fee, a $200 criminal filing fee, and all interest on non-restitution portions of his LFOs, pursuant to amended RCW 10.01.160, 10.82.090(1), 36.18.020(2)(h), and 43.43.7541. We agree.

The legislature modified Washington's LFO system. Among other changes, it eliminated interest accrual on non-restitution LFOs, made the DNA database fee non-mandatory for offenders whose DNA had already been collected due to a prior conviction, and prohibited the $200 filing fee and discretionary LFOs on indigent defendants. *Ramirez*, 191 Wn.2d at 747; RCW 10.01.160, 10.82.090(1), 36.18.020(2)(h), 43.43.7541; LAWS OF 2018, ch. 269, §§ 1, 6, 17, 18. The amendments apply to cases on appeal when they took effect on June 7, 2018, because those cases were not final. *Ramirez*, 191 Wn.2d at 747.

We remand for the trial court to strike the $100 DNA database fee, the $200 filing fee, and interest on all LFOs.

II.     ANDERS BRIEF

Sar's appointed appellate lawyer submitted a motion to withdraw pursuant to RAP 18.3(a) and *Anders*. *State v. Theobald*, 78 Wn.2d 184, 184-85, 470 P.2d 188 (1970) (quoting *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967)), stated the requirements for withdrawal of counsel under *Anders*:

3

[Defense counsel's] role as advocate requires that he support his client's appeal to the best of his ability. Of course, if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, [1] be accompanied by a brief referring to anything in the record that might arguably support the appeal. [2] A copy of counsel's brief should be furnished the indigent and [3] time allowed him to raise any points that he chooses; [4] the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

The first three of these requirements have been met in this case. However, after filing her *Anders* brief, Sar's appellate lawyer filed a supplemental brief raising the LFO issue, discussed above, which the parties agree is not frivolous. In light of this non-frivolous issue, we deny Sar's attorney's motion to withdraw.[3]

SAG ISSUES

I.      CORPUS DELICTI

Sar contends that the State did not present any independent evidence that a crime was committed, in violation of the corpus delicti rule.

"The doctrine of corpus delicti protects against convictions based on false confessions, requiring evidence of the 'body of the crime.'" *State v. Cardenas-Flores*, 189 Wn.2d 243, 247, 401 P.3d 19 (2017). This doctrine requires the State, at trial, to present prima facie evidence "that (1) a specific injury occurred and (2) someone's criminal act likely caused the injury." *Cardenas-Flores*, 189 Wn.2d at 264. A criminal defendant may raise corpus delicti for the first time on appeal as a sufficiency of the evidence challenge. *Cardenas-Flores*, 189 Wn.2d at 247.

Because a guilty plea bypasses trial, it "waives 'constitutional rights that inhere in a criminal trial, including the right to trial by jury, the protection against self-incrimination, and the

---

[3] We have reviewed the record and each issue raised in Sar's attorney's *Anders* brief. We agree there is no merit to them.

right to confront one's accusers.'" *State v. Knight*, 162 Wn.2d 806, 811, 174 P.3d 1167 (2008) (quoting *Florida v. Nixon*, 543 U.S. 175, 187, 125 S. Ct. 551, 160 L. Ed. 2d 565 (2004)). Where a criminal defendant pleads guilty, the defendant "admits factual and legal guilt for the charged crime" and waives sufficiency of evidence challenges on appeal. *In re Pers. Restraint of Bybee*, 142 Wn. App. 260, 268, 175 P.3d 589 (2007).

The corpus delicti doctrine is a requirement that, before admitting a defendant's confession, the State must present certain evidence at trial that the crime alleged actually took place. It would make no sense to hold the State to this standard where there was no trial because Sar plead guilty. We deny this claim for relief because the corpus delicti doctrine does not apply in cases that did not go to trial.

## II.    INEFFECTIVE ASSISTANCE OF COUNSEL

Sar contends that he received ineffective assistance of counsel because his trial counsel told him he would likely lose at trial and warned him about the potential length of his sentence, coercing him to plead guilty. He also claims his trial counsel was ineffective for failing to raise a corpus delicti argument before the trial court.

The Sixth Amendment to the United States Constitution and article I, section 22 of the Washington State Constitution guarantee the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Grier*, 171 Wn.2d 17, 32, 246 P.3d 1260 (2011).

We review claims of ineffective assistance of counsel de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009). To prevail on a claim of ineffective assistance of counsel, the defendant must show both (1) that defense counsel's representation was deficient, and (2) that the deficient representation prejudiced the defendant. *Grier*, 171 Wn.2d at 32-33. Representation

is deficient if, after considering all the circumstances, the performance falls "'below an objective standard of reasonableness.'" *Grier*, 171 Wn.2d at 33 (quoting *Strickland*, 446 U.S. at 688). Prejudice exists if there is a reasonable probability that, except for counsel's errors, the results of the proceedings would have differed. *Grier*, 171 Wn.2d at 34. If either prong is not satisfied, the defendant's claim fails. *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 673, 101 P.3d 1 (2004).

In the plea bargaining context, "'effective assistance of counsel' merely requires that counsel 'actually and substantially [assist] his client in deciding whether to plead guilty.'" *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981)). "The decision whether or not to plead guilty is the defendant's alone." *In re Pers. Restraint of Burlingame*, 3 Wn. App.2d 600, 610, 416 P.3d 1269 (2018).

In this case, Sar testified that his trial counsel advised him that he was unlikely to win at trial, given Sar's incriminating statements to police and his observations of the jury. Sar then decided to plead guilty. Nothing in the record suggests that Sar's attorney was deficient in providing Sar with his frank assessment of Sar's chances of success at trial.

As to raising corpus delicti before the trial court, as stated above, the corpus delicti doctrine is a requirement that the State present certain evidence at trial that the crime alleged actually took place. It does not apply when no trial took place because the defendant plead guilty. Accordingly, it was not deficient for Sar's attorney not to raise a corpus delicti argument.

Sar did not receive ineffective assistance of counsel.

CONCLUSION

We deny Sar's attorney's motion to withdraw because her supplemental brief presents a non-frivolous issue as to Sar's sentence. We remand to the trial court for it to strike the $200 filing fee, the $100 DNA collection fee, and the interest provision of Sar's sentence.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

                                                  Melnick, J.

We concur:

Maxa, C.J.

Sutton, J.