IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 81511-3-I |
| Respondent, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| VICTOR ESTRADA FRANCO, | |
| Appellant. | |

SMITH, J. — Victor Estrada Franco appeals his conviction for felony violation of a domestic violence no-contact order (DVNCO). He claims that we should vacate his conviction and withdraw his arraignment plea of not guilty due to ineffective assistance of counsel. Franco's arraignment attorney did not advise him of his absolute right to plead guilty at the arraignment, did not advise him about the possibility that his charge could be amended to a felony on the basis of his prior convictions, and did not advise him that pleading guilty would preclude the filing of felony charges against him. Because his attorney's performance fell below a standard of reasonable assistance, and this failure prejudiced Franco, we conclude that Franco's right to effective counsel was violated. We remand to superior court for Franco to be charged and arraigned on the original gross misdemeanor charge.

FACTS

On April 14, 2019, Burien police officers responded to a trespass call and found Jayonna Graver and Franco sitting in a car. Graver had a DVNCO against Franco, and Franco was arrested for violation of the court order. The next day, the State charged Franco with violation of a DVNCO, and Franco was arraigned

in King County District Court. The State's written request to set bail was filed the same day as the arraignment hearing and it noted that Franco had been "convicted of five counts of DVNCO[1]." Franco's arraignment attorney entered a plea of not guilty on Franco's behalf.

On April 18, 2019, the State charged Franco in superior court with felony violation of a DVNCO based on Franco's five prior misdemeanor convictions for violations of DVNCOs. On April 23, the district court dismissed Franco's misdemeanor charge without prejudice.

On November 12, 2019, Franco moved to withdraw his not guilty plea in district court, contending ineffective assistance of his arraignment counsel. Franco filed two declarations in support of this motion. In the first declaration, Franco's arraignment attorney stated that he did not advise Franco of his absolute right to plead guilty, did not advise Franco about the possibility that repeat offenses can be amended to felonies on the basis of prior convictions, and did not advise him that pleading guilty would preclude the filing of felony charges against him. In the second declaration, Franco stated that he would have pleaded guilty to the misdemeanor if he had known the charge could be refiled as a felony. However, on December 17, 2019, the district court denied the motion to withdraw on the grounds that it had lost jurisdiction over the case when the case was dismissed and refiled in superior court.

On December 30, 2019, before trial for the felony charge, Franco again moved to withdraw his not guilty plea, but this time in superior court. On

---

[1] Violation of a no-contact order.

January 9, 2020, the superior court made an oral ruling denying Franco's motion. The court found that the record was insufficient because it did not have a record of the proceedings at district court, the issue was not properly raised because the plea happened in a separate jurisdiction, and there was insufficient information to make a finding of ineffective assistance of counsel.

On January 21, 2020, Franco proceeded to jury trial. Franco stipulated that he had two prior convictions for violation of court orders, that he and Graver were in a dating relationship, and that they had a child in common. Graver testified at trial that "[i]t's kinda hard to deny that we didn't . . . have contact. . . . [W]e were caught in the same car together; kind of hard to deny, when the cops catch you together."

On January 22, 2020, the jury found Franco guilty on count I, domestic violence felony violation of a court order, under RCW 26.50.110(1)-(5). On May 19, 2020, the court imposed an exceptional sentence downward of 20 months, departing from the standard range of 51 to 60 months.

Franco appeals.

ANALYSIS

Franco contends that his conviction should be vacated because but for his arraignment counsel's failure to inform him of his absolute right to plead guilty and the consequences of pleading not guilty, he would have pleaded guilty to the gross misdemeanor in King County District Court. We agree.

Ineffective assistance of counsel claims are reviewed de novo. State v. Estes, 188 Wn.2d 450, 457, 395 P.3d 1045 (2017). Every accused person is

guaranteed the constitutional right to effective counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; Strickland v. Washington, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Thomas, 109 Wn.2d 222, 229, 743 P.2d 816 (1987). The right to effective counsel is violated when (1) the attorney's performance was deficient and (2) the deficiency prejudiced the accused. Strickland, 466 U.S. at 687; Thomas, 109 Wn.2d at 225-26.

### Deficient Performance

Counsel's performance is deficient when it falls below an objective standard of reasonableness. Thomas, 109 Wn.2d at 226. When evaluating whether counsel's representation is deficient, "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Strickland, 466 U.S. at 688. Appellate courts must be highly deferential and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. A defendant can overcome the presumption of effective representation if the defendant proves that counsel failed to conduct research that "falls below an objective standard of reasonableness where the matter is at the heart of the case." Estes, 188 Wn.2d at 460. The defendant may also meet this burden by demonstrating "the absence of legitimate strategic or tactical reasons supporting the challenged conduct by counsel." State v. McFarland, 127 Wn.2d 322, 336, 899 P.2d 1251 (1995). The decision whether or not to plead guilty is the defendant's alone. In re Pers. Restraint of Burlingame, 3 Wn. App. 2d 600, 610, 416 P.3d 1269 (2018).

In Burlingame, Burlingame's attorney failed to inform him that he had the absolute right to plead guilty at arraignment, that he would lose that right if he pleaded not guilty, and that the State could then charge him with a more serious crime. Burlingame, 3 Wn. App. 2d at 607. The court held that this failure to advise constituted deficient performance. Burlingame, 3 Wn. App. 2d at 609-10. The court concluded that "competent counsel would have advised Mr. Burlingame of his one-time right to plead guilty as charged without the agreement of the prosecutor—even if the lawyer's recommendation was that Mr. Burlingame *not* plead guilty." Burlingame, 3 Wn. App. 2d at 610.

In this case, as in Burlingame, Franco's counsel failed to inform him that he had the absolute right to plead guilty at arraignment and that he would lose that right if he pleaded not guilty and the charges were refiled as a felony. The State's written request to set bail noted that Franco had previously been convicted of five counts of misdemeanor DVNCO. It should have been readily apparent to counsel without performing deep investigative work that the charge could be refiled as a felony, which requires only two prior court order violations under RCW 26.50.110(5). Counsel's failure to recognize this and inform Franco falls below the standard of reasonableness. Furthermore, the State concedes and we agree that there was no legitimate strategic or tactical reason for the attorney's failure to advise Franco about his right to plead guilty and the risk of the State refiling the charge as a felony if he pleaded not guilty. Therefore, Franco's arraignment attorney's representation was deficient.

Prejudice to Franco

To show prejudice, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. Estes, 188 Wn.2d at 458. A defendant's self-serving assertion about how he would have pleaded is not alone sufficient proof of prejudice. State v. Buckman, 190 Wn.2d 51, 62, 409 P.3d 193 (2018); Burlingame, 3 Wn. App. 2d at 611. Rather, "the defendant must show that the plea decision he now claims he would have made was a rational plea decision." Burlingame, 3 Wn. App. 2d at 611. Lastly, in evaluating prejudice, "we 'look[ ] at the contemporaneous evidence that the defendant presents to substantiate [his] expressed preferences.' " Burlingame, 3 Wn. App. 2d at 611 (alterations in original) (internal quotation marks omitted) Buckman, 190 Wn.2d at 70 n.15.

Here, Franco claims that he would have pleaded guilty had he known that the charge could have been refiled as a felony. Franco's assertion is supported by two attempts to withdraw his not guilty plea before trial and before the unfavorable verdict was reached. Although both of those motions were denied, the attempts to withdraw provide credibility to Franco's assertion because the claim was not based on mere retrospective beliefs or an unfavorable verdict.

Furthermore, pleading guilty would have been a rational decision. There was a high probability that the charge would be refiled as a felony due to Franco's five prior convictions for violations of a DVNCO. Once he was charged

with a felony, there was also a high probability that the State would be able to establish guilt. Under RCW 26.50.110(1) and (5), the State was required to prove that Franco knowingly remained within a specified distance of Graver in violation of a protection order and that he had at least two previous convictions for violating provisions of a protection order. Franco knew that the State would be able to establish the elements of the statute because the police found him with the protected person in the same vehicle, which Graver admitted at trial. Additionally, Franco knew he had five previous convictions for DVNCO, and later stipulated to two of these convictions. This indicates that Franco chose to plead not guilty not because he thought he had a strong case against the charge, but instead because his counsel failed to inform him that he had a right to plead guilty and the consequences of not doing so. Because Franco did not plead guilty to the misdemeanor, he received a significantly longer sentence and the collateral consequences of a felony record.

The contemporaneous evidence that Franco presents substantiates his claim that he would have pleaded guilty had his arraignment attorney properly advised him of his right to plead guilty and the possible consequences of pleading not guilty. Accordingly, we reverse the court's oral ruling denying the motion to withdraw Franco's not guilty plea due to ineffective assistance of counsel. Further, we remand to superior court for Franco to be arraigned on the original gross misdemeanor charge.[2] If Franco pleads guilty, he can move to

---

[2] Under RCW 3.66.060, the district and superior court have concurrent jurisdiction with regard to gross misdemeanors.

vacate the felony conviction after the judgment and sentence is entered. However, if he again pleads not guilty, the State can move to dismiss the gross misdemeanor.

We reverse and remand.

WE CONCUR: